**In Re: William W. Cole, Jr.**

**NANCY A. ROSSMAN and PRN REAL
ESTATE & INVESTMENTS, LTD.,**

      **Appellants,**

**v.**                                                                   **Case No:   6:17-cv-2204-Orl-31**

**WILLIAM W. COLE, JR. ,**

      **Appellee.**

## ORDER

This matter comes before the Court without a hearing on the Motion for Leave to Appeal (Doc. 1-1 at 5-25) filed by the Appellants, Nancy Rossman and PRN Real Estate & Investments, Ltd. (henceforth, collectively, the "Creditors"), the response in opposition (Doc. 8) filed by the Appellee, William Cole, Jr. ("William Cole"), and the reply (Doc. 17) filed by PRN.

    **I.**      **Background**

Under Florida law, when property is held as a tenancy by the entireties, only a creditor of both spouses (jointly) can reach such property. *See In re Kossow*, 325 B.R. 478, 483 (Bankr. S.D. Fla. 2005). Therefore, with limited exceptions, entireties property does not become property of the bankruptcy estate when only one spouse has filed a bankruptcy petition. *Id.* William Cole, who filed a Chapter 7 bankruptcy petition on July 27, 2015, contends that certain of his assets (henceforth, the "Entireties Assets") are owned as tenants by the entireties with his wife, Terre

Cole, and are therefore exempt from his bankruptcy estate.[1] However, the Chapter 7 Trustee contends that the Coles owe a joint debt to the Creditors; if so, the Entireties Assets would be subject to administration by the Chapter 7 Trustee up to the amount of the joint debt.

The (alleged) debt at issue arises from certain loans from SunTrust Bank that were guaranteed by the Creditors and the Coles, among others. After the loans went into default, the Creditors made payments to SunTrust on the guarantees and then turned to their co-guarantors, seeking equitable contribution. The Creditors filed suit against the Coles in state court in 2014, but the equitable contribution claim has not yet been resolved.

The Chapter 7 Trustee now seeks to have the Bankruptcy Court determine whether Terre Cole owes a debt to the Creditors and, if so, whether that debt is owed jointly with her husband. The Creditors argue that it would be improper (or, at least, inefficient) for the Bankruptcy Court to adjudicate a dispute between two non-debtors that is already pending in state court. The Creditors filed a motion to have the Bankruptcy Court abstain from resolving the joint debt issue, but on December 18, 2017, the Bankruptcy Court denied the motion.[2] The Creditors now seek leave to appeal the denial of the motion for abstention.

## II. Legal Standard

District courts have jurisdiction to hear appeals – with leave of court – from interlocutory orders and decrees of bankruptcy judges. 28 U.S.C. § 158(a)(3). Because 28 U.S.C. § 158(a)(3) does not set forth any criteria to utilize in determining whether to grant leave to appeal, district courts generally look to 28 U.S.C. § 1292(b), which governs discretionary interlocutory appeals from the district courts to the courts of appeals. *See*, *e.g.*, *In re Charter Co.*, 778 F.2d 617, 620 n.

---

[1] Terre Cole has not filed a bankruptcy petition.

[2] The joint debt issue is set for hearing in the Bankruptcy Court on February 22, 2018.

5 (11th Cir. 1985). Under Section 1292(b), a court will permit an interlocutory appeal of an order if (1) the order presents a controlling question of law (2) over which there is substantial ground for difference of opinion among courts, and (3) the immediate resolution of the issue would materially advance the ultimate termination of the litigation. 28 U.S.C. § 1292(b); *In re Celotex Corp.*, 187 B.R. 746, 749 (Bankr. M.D. Fla. 1995).

### III. Analysis

On December 8, 2015, the Creditors filed an objection to William Cole's claim of exemption in the Entireties Assets. Subsequently, the Chapter 7 Trustee filed a similar objection. On August 16, 2016, the Creditors withdrew their objection, leaving only the Chapter 7 Trustee contesting the exempt status of the Entireties Assets. In other words, the February 22, 2018 hearing that PRN seeks to have the Bankruptcy Court abstain from conducting will include only William Cole and the Chapter 7 Trustee as parties.

William Cole argues that the Creditors lack standing to bring this appeal because they are not parties to the contested matter that was the subject of the motion to abstain. Standing "is the threshold issue in every federal case, determining the power of the court to entertain the suit." *Maverick Media Group, Inc. v. Hillsborough County, Fla.*, 528 F.3d 817, 819 (11th Cir. 2008) (quoting *Warth v. Seldin*, 422 U.S. 490, 499, 95 S.Ct. 2197, 45 L.Ed. 2d 343 (1975)). Accordingly, the Court must address the standing issue prior to considering whether leave to appeal should be granted.

The Creditors respond that "of course" they possess standing to appeal the denial of their own motion. (Doc. 17 at 5). They cite to *Valley Forge Christian College v. Americans for the Separation of Church and State, Inc.*, 454 U.S. 464, 472, 102 S.Ct. 752, 758, 70 L.Ed. 2d 700, (1982) (setting forth, as "irreducible minimum" for Article III standing, requirement that party

must have personally suffered actual or threatened injury as a result of putatively illegal conduct of defendant, that injury can fairly be traced to the challenged action, and that injury is likely to be redressed by a favorable decision). The Creditors argue that they "would potentially suffer an imminent harm if the Bankruptcy Court were to rule in the Debtor's and [Terrre] Cole's favor" on the joint debt issue. (Doc. 17 at 5). This potential harm could include "multiple potentially inconsistent verdicts" and a likelihood that Terre Cole would "seek[] to take advantage of any determination of the Bankruptcy Court in the State Court." (Doc. 17 at 5).

The fact that a party has been allowed to appear in bankruptcy proceedings is not sufficient, on its own, to give that party standing to appeal an order of the bankruptcy court. "Due to the nature of bankruptcy proceedings, which 'often involve numerous creditors who are dissatisfied with any compromise that jeopardizes the full payment of their outstanding claims against the bankrupt,' special rules have been developed to govern which parties may appeal a bankruptcy court order." *In re Ernie Haire Ford, Inc.*, 764 F.3d 1321, 1324-25 (11th Cir. 2014) (quoting *Westwood Cmty. Two Ass'n v. Barbee (In re Westwood Cmty. Two Ass'n v. Barbee)*, 293 F.3d 1332, 1335 (11th Cir. 2002)). The United States Court of Appeals for the Eleventh Circuit has adopted the "person aggrieved" doctrine as the standard for determining whether a party can appeal a bankruptcy court's order. *Id.* at 1325. The person aggrieved doctrine limits the right to appeal a bankruptcy court order to those parties having a direct and substantial interest in the question being appealed. *Id*. Pursuant to this doctrine, aggrieved persons are those individuals who are affected "directly, adversely, and pecuniarily" by a bankruptcy court's order. *Id.* (quoting *Westwood Cmty. Two Ass'n* at 1337-38). "An order will directly, adversely, and pecuniarily affect a person if that order diminishes their property, increases their burdens, or impairs their rights." *Id.* The person aggrieved doctrine restricts standing more than Article III

standing. *Westwood Cmty. Two Ass'n* at 1335 (citing *In re Troutman Enter., Inc.*, 286 F.3d 359 (6th Cir. 2002)).

Upon applying the aggrieved person doctrine – which was not mentioned by either party in their papers – it becomes clear that the Creditors lack standing to bring this appeal. The order being appealed merely allows this one facet of the bankruptcy proceedings to move forward; it does not diminish the Creditors' property, increase any burden upon them, or impair any rights they previously possessed. The fact that the Bankruptcy Court might rule in favor of Terre Cole, which in turn might cause problems for the Creditors in the state court proceedings, is not enough to make them persons aggrieved here. *See In re Ernie Haire Ford, Inc.*, 764 F.3d 1321 (holding that former employee lacked standing to appeal order allowing amendment of plan of reorganization, even though amended plan permitted debtor, for first time, to pursue fraud claims against the former employee).

**IV.     Conclusion**

The Creditors lack standing to bring this appeal. Accordingly, the Motion for Leave to Appeal (Doc. 1-1 at 5-25) is **DENIED**. The Clerk is directed to close the file.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on February 13, 2018.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE